SLR:EB:CSK
F. #200V0198
susandegennaro.pof.wpd

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

SUSAN DEGENNARO,

    Defendant.

- - - - - - - - - - - - - - - - X

<u>CONSENT ORDER OF
CRIMINAL FORFEITURE</u>

CR 01-1191 (S-1)(DGT)

WHEREAS, in the above-captioned criminal action, the United States of America sought the forfeiture of specific properties, or in the alternative, substitute assets, of the Defendant SUSAN DEGENNARO pursuant to 18 U.S.C. § 1963; and

WHEREAS, on March 31, 2003, the Defendant SUSAN DEGENNARO, entered a plea agreement with the United States, and agreed, *inter alia*, to plead guilty to Count One of the Superceding Indictment charging her with racketeering conspiracy in violation of 18 U.S.C. § 1962(d); and

WHEREAS, the Defendant SUSAN DEGENNARO, *inter alia*, has as part of her plea Agreement with the United States, agreed to the entry of an Order of Forfeiture against her, and to forfeit to the United States all right, title and interest in properties



constituting or derived from proceeds traceable to the offenses contained in Count 1 of the Superceding Indictment; and

WHEREAS on March 31, 2003 this Court accepted the Defendant's guilty plea; and

WHEREAS, by virtue of the Defendant SUSAN DEGENNARO having pled guilty and waived all her constitutional, legal and equitable defenses and rights to the forfeiture allegation of the Superceding Indictment, the United States is now entitled to possession of the forfeited property, pursuant to 18 U.S.C. § 1963 and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 1963 and Fed. R. Crim. P. 32.2, the Plea Agreement, and guilty plea, which have been accepted by this Court, the Defendant, SUSAN DEGENNARO, agrees to the entry of a forfeiture money judgment in favor of the United States in the amount of $398,750.00 ("the Forfeiture Judgment").

2. The Defendant shall pay a total of $398,750.00 which shall constitute payment on the Forfeiture Judgment. All payments on the Forfeiture Judgment, shall be made by bank or certified check payable to the "United States Marshal's Service for the Eastern District of New York." The United States Marshal's Service for the Eastern District of New York is hereby authorized to deposit any and all amounts paid as against the

Forfeiture Judgment into an interest-bearing escrow account pending further order of the Court.

3. In satisfaction of the Forfeiture Judgment the Defendant hereby shall forfeit to the United States of America the following Forfeited Assets:

(1) all funds or other monetary instruments on deposit or credited to Certificate of Deposit Account No. 0565428133, in the name of SUSAN DEGENNARO, located at Sovereign Bank, and any proceeds traceable thereto;

(2) the premises and real property, together with the buildings, appurtenances, improvements, fixtures, attachments and easements, located at 101 Regis Drive, Staten Island, New York described in the land records of Richmond County, New York as Block 1657, Lot 85, held in the name of ANTHONY DEGENNARO and SUSAN DEGENNARO; and

(3) all funds or other monetary instruments on deposit or credited to or through Salomon Smith Barney Account Nos. 681-64797-18 237, 681-64780-17 237, 681-03487-11 237, 681- 03485-13 237, 681-03484-14 237, and any and all other related accounts held in the name of ANTHONY DEGENNARO and SUSAN DEGENNARO, individually or jointly, in an amount up to at least Ninety Three Thousand Seven Hundred and Fifty Dollars ($93,750.00) (i.e.: in the event the funds in all such Solomon Smith Barney Accounts are less than $93,750.00 Defendant shall remain liable to the United States for the difference).

4. The Defendant further shall forfeit to the United States of America any and all interest in Local One of the International Union of Elevator Constructors, including, but not limited to, defendant's union membership and any right, title, interest, benefits and privileges associated therewith.

5. In the alternative, and pursuant to 18 U.S.C. § 1963, the terms of the Plea Agreement, the United States is hereby authorized to seize other property of the Defendant's, necessary to satisfy the Forfeiture Judgment, and upon seizure, such property shall be forfeited to the United States for disposition in accordance with the provisions set forth above.

6. Upon the Forfeiture Judgement being fully and completely satisfied, the Restraining Order signed by this Court, dated February 5, 2002, against any remaining assets of the Defendant Susan DeGennaro shall be released.

7. In accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853 (n)(1), the United States Marshal's Service shall publish notice of this Order and of the intent to dispose of the property in such a manner as the United States Marshal may direct. Such notice shall be published in accordance with the custom and practice in this district, in an newspaper of general circulation, and shall provide notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier. Any notice filed by any petitioner must state the validity of petitioner's alleged interest in the property, must be signed by petitioner under penalty of perjury, and must set forth the nature and extent of petitioner's right,

title and interest in the property, and any additional facts supporting such petition.

8. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the property subject to this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

9. Following the disposition of all petitions filed, or if no such petitions are filed within the applicable period, the United States shall have clear title to the properties described above.

10. In accordance with Fed. R. Crim. P. 32.2 (c)(1)(B), the Government is hereby authorized to conduct discovery necessary to help identify, locate or dispose of the subject property, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of any third parties.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(3), at sentencing, a Final Order of Forfeiture shall be made a part of the Defendant's sentence and included in the final Judgment.

**IT IS SO ORDERED:**

Dated: Brooklyn, New York
April __, 2005

                                 s/David G. Trager
                                 HONORABLE DAVID G. TRAGER
                                 UNITED STATES DISTRICT JUDGE

Criminal Action No. 01-1191 (S-1)

# UNITED STATES DISTRICT COURT
Eastern District of New York

UNITED STATES OF AMERICA,

- against -

SUSAN DEGENNARO,

Defendant.

## CONSENT ORDER OF CRIMINAL FORFEITURE

ROSLYNN R. MAUSKOPF
United States Attorney,
Attorney for United States of America
Office and Post Office Address,
United States Courthouse
One Pierrepont Plaza
Brooklyn, New York 11201

Dated: _____, 20___

Due service of a copy of the within _____ is hereby admitted.

Dated: _____, 20___

_____

Attorney for United States of America
CLAIRE KEDESHIAN, AUSA
(718) 254-6051

---

SIR:

**PLEASE TAKE NOTICE** that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the **UNITED STATES DISTRICT COURT U.S. Courthouse, 225 Cadman Plaza East, EASTERN DISTRICT OF NEW YORK** Brooklyn, New York, on the ____ day of _____, 20___, at 10:30 o'clock in the forenoon.

Dated: Brooklyn New York,
_____, 20___

_____
United States Attorney,
Attorney for _____

To:
Attorney for _____

SIR:

**PLEASE TAKE NOTICE** that the within is a true copy of _____ duly entered herein on the ____ day of _____, in the office of the Clerk of the Eastern District of New York,

Dated: Brooklyn, New York
_____, 20___

_____
United States Attorney,
Attorney for _____

To:
Attorney for _____